IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

**KIRSTIE BEASLEY,** and
**HELEN HOLLAND**, Individually,
on behalf of themselves and on behalf of
all other similarly situated current
and former employees,

           Plaintiffs,

v.

**NO. 1:17-CV-255**

FLSA Opt-In Collective Action
**JURY DEMANDED**

**BOJANGLES' RESTAURANTS, INC.,**
a Delaware Corporation, and
**BOJANGLES', INC.,**
a Delaware Corporation,

           Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Kirstie Beasley and Helen Holland, individually, and on behalf of all others similarly situated, hereby files their Collective Action Complaint against Defendants Bojangles' Restaurants, Inc., and Bojangles', Inc. and allege as follows:

### I.

### INTRODUCTION

1. Plaintiff, Kirstie Beasley, was an employee of Defendants Bojangles' Restaurants, Inc. and Bojangles', Inc. ("Bojangles"), at all times relevant to this Collective Action Complaint. Plaintiff Beasley was employed at Defendants' Copperfield Boulevard and George Wiles Parkway locations in Concord, North Carolina, South Cannon Boulevard location in Kannapolis, North Carolina, and East Innes Street location in Salisbury, North

Carolina. Plaintiff Beasley is a resident of the Middle District of North Carolina. Plaintiff Beasley's "Consent to Join" this collective action is attached as Exhibit A.

2. Plaintiff Helen Holland was an employee of Bojangles at all times relevant to this Collective Action Complaint. Plaintiff Holland was employed at Defendants' Pineville-Mathews location in Charlotte, North Carolina. Plaintiff Holland is a resident of North Carolina. Plaintiff Holland's "Consent to Join" this collective action is attached as Exhibit B.

3. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein.

4. At all times material to this Collective Action Complaint, Plaintiffs and the class performed non-exempt labor duties on behalf of Defendants.

5. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiffs, and those similarly situated employees of Defendants, for all overtime hours worked in excess of forty (40) per week during all times relevant to this Collective Action Complaint.

## II.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Bojangles regularly conducts business in this District, Bojangles' wage and hour plans, policies and practices have been administered in this District.

### III.

### CLASS DESCRIPTION

8. Plaintiffs bring this action on behalf of the following similarly situated persons: All current and former employees who were misclassified as exempt Assistant Unit Directors of Defendants' Company-Operated Bojangles restaurants located in the United States who work (or have worked) at such Company-Operated Bojangles restaurants at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

### IV.

### PARTIES

9. Defendant Bojangles' Restaurants, Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles' Restaurants, Inc., is a subsidiary of Defendant Bojangles', Inc. Bojangles' Restaurants, Inc., can be served process through its registered agent: CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417.

10. Defendant Bojangles', Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles', Inc., is the parent of Defendant Bojangles' Restaurants, Inc., and other subsidiaries, BJ Restaurant Development, LLC, BJ Georgia, LLC, and Bojangles' International, LLC. According to its most recent 10-k, "Bojangles' ["we," "us," "our," the "company" or "Bojangles'," refers collectively to Bojangles', Inc., a Delaware corporation, incorporated in 2011 and its subsidiaries;] is a highly differentiated and growing restaurant operator and franchisor dedicated to serving customers high-quality, craveable food made from our Southern recipes. Since 1977, we believe Bojangles' has become an iconic brand with a cult-like following due to our famous, made-from-scratch biscuits baked every 20 minutes, our fresh, never-frozen bone-in fried chicken, our unique fixin's and our Legendary Iced Tea. We believe we offer fast-casual quality food combined with quick-service speed, convenience and value. While we serve our full menu of craveable food across all dayparts, we are especially known by customers for our breakfast offerings and generate, on average, over $650,000 annually per company-operated restaurant before 11:00 a.m. In fiscal 2015, our 281 company-operated and 381 franchised restaurants, primarily located in the Southeastern United States, generated approximately $1.2 billion in system-wide sales, representing $462.1 million in company restaurant revenues and $690.9 million in franchise sales which contributed $26.1 million in franchise royalty and other franchise revenues. Over this same period, our restaurants generated a system-wide AUV of over $1.8 million, which we believe is among the highest in the quick-service restaurant ("QSR") and fast-casual segments. Our mission is to win the hearts of our customers by delivering quality and service all day, every day, and we believe our

passionate team members and culture are fundamental to our success. The excitement for our brand and enthusiasm of our customers can be best summarized by our famous tagline…"It's Bo Time!" Bojangles', Inc., can be served process through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating Bojangles' restaurants) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

## V.

## **ALLEGATIONS**

12. Defendants own, operate and franchise Bojangles restaurants with their core menu centered on "chicken 'n biscuits." As of December 2015, Defendants operated company owned Bojangles restaurants in several states across the United States, including Tennessee, Alabama, Maryland, Georgia, South Carolina and North Carolina.

13. The primary function of Defendants' Bojangles restaurants is to prepare and sell food and beverage items to customers.

14. Bojangles is and/or has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

15. Plaintiffs and all other similarly situated persons are current or former Assistant Unit Directors of Bojangles.

16. Bojangles employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

17. Bojangles has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Unit Directors.

18. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Bojangles as defined by Section 203(e)(1) of the FLSA and, worked for Bojangles within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

19. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

20. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

21. Defendants' Bojangles' restaurants employ individuals classified as Assistant Unit Directors whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items to Bojangles' customers.

22. As an assistant unit director, the primary duties of Plaintiffs and similarly situated putative class members were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food. Plaintiffs and putative class members spent a vast majority of their work-time performing such duties.

23. During the statutory period, Bojangles directed Plaintiffs and the putative class to work in excess of forty (40) hours per week, and Plaintiffs and the class worked in excess of forty (40) hours per week. Bojangles typically scheduled and Plaintiffs and the class to work a minimum of fifty (50) hours per week. Plaintiffs regularly and routinely worked approximately 50 to 70 hours per week.

24. Bojangles misclassified Plaintiffs as salary exempt employees, based Plaintiffs' salaries on a forty (40) hour work week and paid Plaintiff Holland a fixed amount of $615.38 at a pay rate $15.3846 per hour for forty (40) hours per week. See Exhibit C, Holland Paystub.

25. Defendants failed to compensate Plaintiffs and the class at a rate of one and one half time their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26. Bojangles employs a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

27. Plaintiffs and other similarly situated employees of Defendants classified as Assistant Unit Directors who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from Defendants.

28. The net effect of Defendants' plan, policy and practice of not paying Plaintiffs and other similarly situated employees classified as Assistant Unit Directors overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes

for which Defendants have enjoyed ill gained profits at the expense of Plaintiffs and other members of the class.

29. Bojangles treated Plaintiffs as exempt employees when it was in Bojangles' financial interest to do so by failing to pay Plaintiffs time-and-one-half for hours worked over forty (40).

30. Bojangles treated Plaintiffs as nonexempt employees when it was in Bojangles' financial interests to do so by monitoring Plaintiffs' hours worked, and reducing Plaintiffs' pay based on the quantity of work performed, or in other words, reducing Plaintiffs' pay on an hourly basis for every hour worked under forty (40).

31. Plaintiffs' compensation was reduced or "docked" for partial-day absences, lack of work, quantity of work in violation of 29 U.S.C. § 201, et seq., and 29 C.F.R. §§ 541.602(a), (b)1, 541.603.

32. Bojangles is unable to bear its burden of showing that Plaintiffs and the class fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

33. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

# VI.

## **COLLECTIVE ACTION ALLEGATIONS**

34. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

35. Plaintiffs bring this collective action on behalf of Plaintiffs and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

    > All Assistant Unit Directors employed by Defendants within the three years preceding the filing of this action who were misclassified as exempt employees even though they primarily performed non-exempt duties.

    Upon information and belief, Plaintiffs believe that the definition of the class could be further refined following discovery of Defendants' books and records.

36. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

37. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are more than four hundred (400) individuals in the putative class.

38. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Bojangles at its company-operated Bojangles restaurants and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of Bojangles to pay Plaintiffs and other employees classified as Assistant Unit Directors overtime

compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

39. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were misclassified as exempt from the FLSA;

- Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

40. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

41. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

42. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Bojangles.

## COUNT I

## **VIOLATION OF THE FLSA IN CONNECTION WITH OVERTIME COMPENSATION**

43. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 42 above, as if they were fully set forth herein.

44. At all relevant times, Bojangles has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and class members also have worked within the stream of interstate commerce during all relevant times to this Collective Action Complaint.

45. At all relevant times, Bojangles employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

46. At all times relevant, Bojangles had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

47. At all times relevant, Bojangles had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

48. At all times relevant, Bojangles did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

49. As a result of Bojangles' willful failure to pay Plaintiffs and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

50. Bojangles conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to Bojangles willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from Bojangles compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants, Bojangles' Restaurants, Inc., and Bojangles', Inc., as well as to request this Court to grant the following relief against Defendants:

A. An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29

U.S.C. § 216 for the claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the rate established by the Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid.

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendants have willfully violated the FLSA;

J. An Order appointing Plaintiffs and Plaintiffs' counsel to represent those individuals opting in to the collective action; and

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: March 21, 2017

Respectfully Submitted,

**STRIANESE HUCKERT, LLP**

/s Tamara L. Huckert
Christopher R. Strianese, NC Bar No. 46918
Tamara Huckert, NC Bar No. 35348
chris@strilaw.com
tamara@strilaw.com
401 North Tryon Street, 10th Floor
Charlotte, North Carolina 28202
Tel. 704-998-2577
Fax. 704-998-5301


Gordon E. Jackson* (TN BPR #08323)
James L. Holt, Jr.* (TN BPR #12123)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*\*Pro Hac Vice Admission Anticipated*

*Attorneys for Named Plaintiffs, on behalf of herself and all other similarly situated current and former employees*