IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
Civil Action No.: 1:17-cv-255-NCT-LPA

| | |
|---|---|
| KIRSTIE BEASLEY and HELEN HOLLAND,<br><br>Plaintiffs,<br><br>v.<br><br>BOJANGLES' RESTAURANTS, INC., a Delaware Corporation, and BOJANGLES', INC., a Delaware Corporation,<br><br>Defendants. | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

## I. NATURE OF CASE

Plaintiffs waited more than a year to serve the summons and complaint in this action. Plaintiffs' counsel have brought this same putative collective action challenging a Fair Labor Standards Act ("FLSA") classification in three different jurisdictions. They dismissed the first, filed and ignored the instant case for more than a year, and are now pursuing the same allegations in a third forum. Now that Plaintiffs' counsel have found another forum and judge for their putative collective action, the two named Plaintiffs in this case seek to proceed in this case on an individual basis. There is no good cause for Plaintiffs' delay in serving this lawsuit. Because Plaintiffs failed to serve their summons and complaint within the 90-day time limit of Fed. R. Civ. P. 4(m)—despite notice from the Court that they should do so—their case should be dismissed.

## II. STATEMENT OF FACTS

This action represents the second in a series of three lawsuits initiated by Plaintiffs' counsel involving nearly identical allegations. The only material changes from one filing to the next have been the named plaintiffs in each action.

The trilogy began on February 6, 2017 when Plaintiffs filed a putative FLSA collective action in the Western District of North Carolina with Helen Holland as the only named plaintiff. (W.D.N.C. Case No. 3:17-cv-00050-RJC-DSC, *Dkt.* 1 (the "Western District Case").) Plaintiffs are former Assistant Unit Directors at Bojangles' Restaurants, Inc. that are challenging the FLSA classification of their position. The following day, the Western District Case assigned the case to District Judge Robert J. Conrad, Jr. and Magistrate Judge David S. Cayer. (Western District Case *Dkt.* 2) Having learned of the case, counsel for Defendants emailed Plaintiffs' counsel twice offering to accept service of process—once on February 16, 2017 and again on February 22, 2017. (*See* Affidavit of Charles E. Johnson ("Johnson Aff."), Ex. A.) Plaintiffs never accepted these offers. Instead, they voluntarily dismissed the Western District Case on March 21, 2017 without serving Defendants. (Western District Case *Dkt.* 3)

That same day, March 21, 2017, Plaintiffs filed the instant lawsuit as a putative collective action in the Middle District of North Carolina. (M.D.N.C. 1:17−cv−00255−NCT−LPA, *Dkt.* 1 (the "Middle District Case").) Shortly after Plaintiffs filed the Middle District Case in March 2017, the Defendants' counsel emailed Plaintiffs'

counsel for a third time offering to accept service of process. (*See* Johnson Aff., Ex. B.) Once again, however, Plaintiffs did not accept the offer.

Instead, Plaintiffs sought to dismiss their claims, yet again, in search for a more favorable forum or judge. In or around June 1, 2017, Plaintiffs' counsel requested that Defendants stipulate to a dismissal of Plaintiffs' claims without prejudice. Defendants declined to facilitate further judge-shopping by Plaintiffs' counsel and refused the stipulation. Plaintiffs' counsel indicated on June 2, 2017 that "[w]e're going forward." (*See* Johnson Aff., Ex. C.)

Plaintiffs' however, took no action to make their claims go forward. On July 20, 2017, the clerk issued Plaintiffs notice of their failure to make service within ninety days as required by the Federal Rules of Civil Procedure. (Middle District Case, *Dkt.* 16) The notice admonished Plaintiffs that their failure to respond to the notice within fourteen days may lead to the dismissal of the Middle District Case against the Bojangles' Defendants. (*Id.*) Notwithstanding this notice, Plaintiffs' allowed three more months to pass without serving, or even making arrangements to serve, the Bojangles' Defendants. Thus, on October 26, 2017, the clerk referred the case to the judge regarding Plaintiffs' failure to make timely service on the Bojangles' Defendants. (Middle District Case *Dkt.* Entry October 26, 2017.)

Instead of "going forward" with this action and serving Defendants in this Middle District Case, Plaintiffs' counsel filed the third iteration of this putative collective action, this time in the Eastern District of Tennessee. (E.D.Tenn. Case No.

3

1:17−cv−00269−TRM−CHS, *Dkt.* 1 (September 26, 2017) (the "Tennessee Case").) That Court set a scheduling conference in on February 6, 2017. (Tennessee Case, *Dkt.* #23.) In an apparent attempt to avoid having to discuss two identical collective actions in different jurisdictions at the scheduling conference in the Tennessee Case, Plaintiffs—one day before the scheduling conference—filed an Amended Complaint in the Middle District Case on February 5, 2018 and removed the collective action allegations from the Complaint. (Middle District Case *Dkt.* 18.) Nevertheless, Plaintiffs still did not serve Defendants in the Middle District Case. Instead, Plaintiffs returned the summons in the Middle District Case unexecuted on February 19, 2018. Plaintiffs provided no reason for their failure to serve the Bojangles' Defendants—they simply left the spaces blank in the form they submitted. (Middle District Case *Dkt.* 19.)

On March 28, 2018—more than a year after filing the Middle District Case—Plaintiffs finally served Defendants at Bojangles' corporate offices. (Middle District Case *Dkt.* 22.)

### III. QUESTIONS PRESENTED

A. Did Plaintiff's comply with the 90-day service requirement of Fed. R. Civ. P. 4(m) when they intentionally waited more than a year to serve the summons and complaint in this action?

B. Are the efforts of Plaintiffs' counsel to find a more favorable judge or forum for their putative FLSA collective action "good cause" allowing the extension of time for Plaintiffs to serve their summons and complaint?

4

## IV.  ARGUMENT

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits the dismissal of lawsuits that have been insufficiently or improperly served.  Rule 4(m) states the requirements for timelines of service of process:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  This Court has repeatedly held that "[t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996).  "A court must grant a defendant's 12(b)(5) motion to dismiss if the plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure." *Calder v. Stanly Cty. Bd. of Education*, No. 1:00CV0129, 2002 WL 31370364, *1 (M.D.N.C. Sept. 26, 2002) (*citing Link Group Int'l, L.L.P v. Toymax (H.K.) Ltd.*, 127 F.Supp.2d 280, 282 (D. Conn. 2000).

A.  **Because Plaintiffs failed to serve the Summons and Complaint within the time allotted by Rule 4(m), this action should be dismissed.**

Plaintiffs did not come close to complying with Rule 4(m) in this case, nor is there any legitimate reason for their delay.  Rule 4(m) requires plaintiffs to serve defendants within ninety days after filing the complaint.  Fed. R. Civ. P. 4(m).  After this ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss

5

the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Plaintiffs indisputably failed to comply with the requirements of Rule 4. Plaintiffs filed this action on March 21, 2017, but they did not serve the Bojangles' Defendants until over a year later on March 28, 2018—more than nine months after the deadline for service had passed. (Middle District Case *Dkts*. 1, 22.) During this year-long process, Plaintiffs neither sought an extension of time to serve the Bojangles' Defendants, nor did they provide any reason for failing to accomplish service within the time allotted under Rule 4. (*Id. Dkt*. 19.)

Plaintiffs were aware of their failure. Thirty days after the deadline for serving Defendants had passed, this Court issued notice to Plaintiffs of their failure to serve within the prescribed period and ordered them respond within fourteen days. (*Id. Dkt*. 16.) Despite this notice, Plaintiffs allowed another three months to elapse without serving Defendants. At that time, the clerk referred this case to the judge on October 26, 2017. (*Id.* October 26, 2017 entry.)

Notwithstanding the efforts by this Court to bring Plaintiffs into compliance with Rule 4(m), Plaintiffs ignored the Court's notice and directives. Accordingly, dismissal of Plaintiffs' action is now warranted due to Plaintiffs' failure to serve and comply with the instructions of the Court. *See Price v. Sanders*, 339 Fed. App'x 339 (4th Cir. 2009) ("[Plaintiff] did not serve the summons and amended complaint upon the unknown defendants within 120 days after filing the amended complaint or move the district court

6

to extend the [90]-day period. Consequently, the district court properly dismissed John and Jane Doe from the suit."); *Garris v. Averett*, 5:13-CT-3030-FL, 2014 WL 2115333, at *2 (E.D.N.C. May 21, 2014) ("Because plaintiff has been unable to perfect service on [defendants] within the [ninety (90)] day time period required by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's action against [defendants] is dismissed without prejudice.").

### B. Plaintiffs cannot show good cause for their failure to serve.

Plaintiffs did not have good cause for their untimely service. Under Rule 4(m), a district court is not required to extend the time for service unless the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4(m). "Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the [90]–day limit . . . ." *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md. 2013) (internal quotation marks omitted), *aff'd*, 546 Fed. App'x 187 (4th Cir. 2013). To determine if good cause exists, the Fourth Circuit has explained that district courts should analyze a number of factors, including whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott v. Maryland State Dep't of Labor*, 673 Fed. Appx. 299, 306 (4th Cir. 2016) (unpublished).

In *Scott*, the Fourth Circuit affirmed the dismissal of the *pro se* plaintiff's complaint against the Maryland State Department of Labor, Licensing & Regulation because he failed to serve the defendant at the proper location. "Although [plaintiff] admittedly made multiple attempts at service, those efforts lacked diligence and reasonableness." *Id.* at 306. The plaintiff ignored the district court's instructions about how to provide the defendant's service address. *Id.* at 307. Further, the plaintiff did not file a motion pursuant to Fed. R. Civ. P. 6(b) requesting an extension of time to serve. *Id.* "[T]he district court dismissed the case more than two months after the service period had expired; at no time did it cut short [plaintiff's] chance at proper service." *Id.* n. 4. The decision in Scott did not turn on prejudice to the defendant, and the dismissal of the case entirely eliminated the plaintiff's claim against the state agency because the statute of limitations expired the day plaintiff filed his complaint. *Id.* at 302, 307 n.4.

As in *Scott*, dismissal is warranted here. The procedural history and posture of this and related cases show that the delay in service here was on account of Plaintiffs' counsel's quest for a desired forum and judge. Indeed, the delay—most of which occurred after the Court issued notice and ordered Plaintiffs' to serve Defendants—was wholly within the control of Plaintiffs' counsel, who made no effort to serve the summons and complaint for more than a year. Here Defendants offered to accept service, and service of process was squarely within Plaintiffs' control. Moreover, it was counsel for Plaintiffs' pursuit of a more favorable forum or judge that caused this Middle District

8

Case to languish as they moved forward with identical claims in the Eastern District of Tennessee.

Courts have long held that a failure to serve due to this type of divide-and-conquer approach does not constitute good cause. *See Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436 (N.D. W. Va. 1992) (intentional delay of service so other cases pending between parties could be developed toward resolution does not amount to good cause); *see also Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 (D. Md. 2001) ("This calculated idleness should not be condoned by the court.") Put simply, Plaintiffs inaction—including their failure to request an extension for time to serve—was neither a reasonable nor diligent effort to effect service.

As the Fourth Circuit's decision in *Scott* instructs, prejudice to the defendant is not necessary to a dismissal under Rule 12(b)(5). Yet Plaintiffs' calculated delay is not without consequence. Had Plaintiffs complied with Rule 4(m), this case would not be divided into two parallel actions in different District Courts. Instead, the putative collective action would have proceeded here, in the Middle District of North Carolina. This piecemeal litigation will force Defendants to incur additional expense and effort. They should not be forced to subordinate their rights to Plaintiffs' judge and forum shopping. Furthermore, Plaintiffs year-long delay has inevitably faded memories and dispersed witness while giving Plaintiffs the advantage of having tolled the statute of limitations in a case they failed to prosecute during that time.

Taken together, *Smith* and the factors it recites establish that Plaintiffs cannot show good cause for failing to comply with Rule 4(m).[1] Plaintiffs efforts to serve "lacked reasonableness and diligence," as in *Smith*. Plaintiffs ignored the court's directives regarding service, just as the plaintiff did in *Smith*. Plaintiffs' time for service has not been cut short and their failure to serve was solely within their control. Thus in the absence of good cause, the Court should dismiss this action. *See Martinez v. United States*, 578 Fed. App'x 192, 194 (4th Cir. 2014) (affirming the district court's dismissal due to plaintiff's failure to establish either good cause or excusable neglect).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(5).

### L.R. 7.3(d)(1) Word Count Certification

I hereby certify that this brief contains 2,627 words as reported by Microsoft Word word count feature and is in compliance with Local Rule 7.3(d)(1).

---

[1] These same factors support the conclusion that Plaintiffs cannot establish excusable neglect, as required under Rule 6(b) for extending time to serve. *See Bolus v. Fleetwood RV, Inc.*, 308 F.R.D. 152, 156–57 (M.D.N.C. 2015), *aff'd*, 646 Fed. Appx. 316 (4th Cir. 2016) ("To avoid dismissal under either [Rule 4(m) or Rule 6(b) ], a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules.") (quoting *Hines v. N.W. Va. Operations*, No. 1:08CV144, 2009 WL 1328817, *1 (N.D. W. Va. May 12, 2009)); *see also* 4B Charles Alan Wright et al., Federal Practice & Procedure § 1165 (4th ed.2015) (stating same as the definition of excusable neglect as the term is used in Rule 6(b)). "Excusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996) (internal quotation marks omitted).

This 18th day of April, 2018.

/s/ Charles E. Johnson
Charles E. Johnson
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com

Brian L. Church
N.C. Bar No. 39581
bchurch@robinsonbradshaw.com

Gabriel Wright
N.C. Bar No. 52472
gwright@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina  28246
Telephone:    704.377.2536
Facsimile:    704.378.4000

*Attorneys for Defendants Bojangles'
Restaurants, Inc. and Bojangles', Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Christopher R. Strianese
>Tamara L. Huckert
>STRIANESE HUCKERT LLP
>401 North Tryon St., 10 Fl
>Charlotte, NC 28202
>chris@strilaw.com
>tamara@strilaw.com
>
>Gordon E. Jackson
>Joseph R. Bryant
>Paula R. Jackson
>JACKSON SHIELDS YEISER & HOLT
>262 German Oak Dr.
>Memphis, TN 38018
>gjackson@jsyc.com
>rbryant@jsyc.com
>pjackson@jsyc.com

This 18th day of April, 2018.

/s/ Charles E. Johnson
Charles E. Johnson
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com
Brian L. Church
N.C. Bar No. 39581
bchurch@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina  28246
Telephone:    704.377.2536
Facsimile:    704.378.4000

*Attorneys for Defendants*
*Bojangles' Restaurants, Inc. and Bojangles', Inc.*