# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KIRSTIE BEASLEY, and HELEN HOLLAND, Individually, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BOJANGLES' RESTAURANTS, INC., a Delaware Corporation, and BOJANGLES', INC., a Delaware Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

1:17CV255

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. #23], pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. On March 21, 2017, Plaintiffs Kirstie Beasley and Helen Holland filed this purported collective action alleging violations of the Fair Labor Standards Act ("FLSA"). (See Compl. [Doc. #1].) A summons was issued for Defendants, (see Doc. #3]), but was never served. Instead, during the time period for service, Plaintiffs filed numerous notices of FLSA consents-to-join. (See Notices (Mar. 21–July 11, 2017) [Docs. #2, 5, 6, 9, 10, 12-15].) On July 20, 2017, the Clerk of this Court sent notice to Plaintiffs of their failure to serve Defendants timely, afforded them fourteen days to respond to the notice, and warned that failure to respond may result in dismissal of the action. (See Notice [Doc. #16].) Instead of responding, Plaintiffs filed yet another notice of FLSA consents-to-join five days after the Clerk's admonition. (See Notice (July 25, 2017) [Doc. #17].) Having received no response from

Plaintiffs, on October 26, 2017, the case was referred to the Court for failure to obtain service. (See Text Entry (Oct. 26, 2017).)

Before the Court ruled on the matter, Plaintiffs, still having failed to serve Defendants, filed an Amended Complaint and the original summons as unexecuted. (See Am. Compl. [Doc. #18]; Unexecuted Summons [Doc. #19].) The summons was reissued and finally served on Defendants on March 22, 2018, (see Executed Summons [Doc. #22]), just over one year after the Complaint was filed.

I.

Plaintiffs acknowledge, as they must, that Defendants were not served until March 22, 2018, but argue that dismissal is inappropriate because Defendants had actual notice of the lawsuit and Plaintiffs would be greatly prejudiced because portions of their claims would be barred by the statute of limitations. (See generally Pls.' Resp. in Opp'n [Doc. #27].)

A.

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts examine a number of factors to determine if good cause exists to excuse a plaintiff's failure to serve timely. Those

2

include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma paurperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. Dec. 20, 2016) (unpublished) (citing Kurka v. Iowa Cty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010) & Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010)); see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1137 (4th ed. 2018 update). The burden to prove good cause is on the plaintiff. Wright & Miller § 1137.

B.

There is no dispute that Plaintiffs failed to serve Defendants with a summons and a copy of the Complaint within ninety days of the date they filed their Complaint. Thus, the issue is whether Defendants' actual notice of the suit excuses Plaintiffs' untimely service and, if not, whether Plaintiffs have met their burden of showing good cause to excuse their failure.

1.

On February 6, 2017, Holland, then the only named plaintiff, filed a putative FLSA collective action against Defendants in the Western District of North Carolina. (See Compl. [Doc. #1], Holland v. Bojangles' Rests., Inc., No. 3:17CV50-RJC-DSC.) Having learned of the case, counsel for Defendants emailed Plaintiffs' counsel twice offering to accept service of process. (See Emails from Charles

3

Johnson to Chris Strianese (Feb. 16, 2017 & Feb. 22, 2017) [Doc. #24-1].) Plaintiffs never accepted the offers or otherwise served Defendants.

Instead, on March 21, 2017, Holland voluntarily dismissed the action in the Western District, (see Notice [Doc. #3], Holland), and, along with Beasley, filed this action. Having seen that Holland voluntarily dismissed the Western District action and filed the instant action, Defendants' counsel renewed his offer to accept service. (See Emails between Charles Johnson to Chris Strianese (Mar. 22-24, 2017) [Doc. #24-2].) Plaintiffs did not accept the offer. In June 2017, after Defendants refused to stipulate to Plaintiffs' proposed dismissal without prejudice, Defendants' counsel once again offered to accept service if Plaintiffs intended to proceed. (See Emails between Charles Johnson and Chris Strianese (May 24-June 2, 2017) [Doc. #24-3].) Although Plaintiffs' counsel advised that they "should be in a position to serve next week or the week after", they did not do so until March 28, 2018.

It is Plaintiffs' burden to follow the Federal Rules of Civil Procedure when prosecuting an action. Early among those rules is the well-known requirement that a plaintiff serve a copy of the summons and complaint within ninety days of filing the complaint. Plaintiffs contend, though, that "'where actual notice of the commencement of the action and the duty to defend has been received . . . Rule 4 should be liberally construed.'" (Pls.' Resp. in Opp'n at 2 (quoting Karlsson v. Rabinowtiz, 318 F.2d 666 (4th Cir. 1963), and citing in further support Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087 (4th Cir. 1984).)

4

In Karlsson, the defendant had resided with his family in Maryland, but at the time of service had left the state permanently for Arizona while his wife and children stayed at the Maryland residence to make final arrangements for the family's move and to be present at the closing of the sale of the house. 318 F.2d at 667. Process was served by leaving a copy of the summons and complaint at the defendant's Maryland home with his wife. Id. There was a question as to whether, on the date of service, the Maryland house was the defendant's dwelling house or usual place of abode. Id. at 668. The Fourth Circuit Court of Appeals found that, "[u]nder the particular circumstances of this case and applying the rule of liberal construction," service was sufficient. Id. at 669. The court explained that "where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of [then-]Rule 4(d)(1)[1] should be liberally construed to effectuate service and uphold the jurisdiction of the court". Id. at 668 (emphasis added).

Two decades later, the court applied the same rule, but found service to be invalid. In Armco, Inc., pursuant to then-Rule 4(c)(2)(C)(i), the summons and complaint and two copies of the notice and acknowledgment form were properly mailed to the defendant whose vice president and secretary signed the return receipt. 733 F.2d at 1088. However, the notice and acknowledgment form was not signed or returned to the plaintiff's counsel as required for the plaintiff to avoid

---

[1] At the time of the Karlsson opinion, Rule 4(d)(1) instructed on service upon an individual. See Karlsson, 318 F.2d at 667 n.1.

5

formal service, and no other service of process was attempted. Id. The court explained, as it had years earlier, that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." Id. at 1089 (emphasis added). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id. (emphasis added). However, "the rules are there to be followed", particularly "when the means employed [for service] . . . leav[e] [the defendant] without clear notice of the necessity to respond". Id. Under these circumstances, service was invalid. Id. The court warned that the "plain requirements for the means of effecting service of process may not be ignored." Id.

The obvious fact that distinguishes Karlsson and Armco, Inc. from those of the instant action is that, here, unlike the plaintiffs in those cases, Plaintiffs made no attempt at service whatsoever, even when Defendants' counsel extended his hand to accept service, until approximately one year after they filed their Complaint. While Defendants had actual notice of the instant action, that notice did not arise from Plaintiffs' ineffective service of process as it did in Karlsson and Armco, Inc. Furthermore, the communications between counsel about Plaintiffs' possible voluntary dismissal, coupled with Plaintiffs' repeated failure to serve process, certainly must have left Defendants "without clear notice of the necessity to respond." Simply put, Plaintiffs did exactly what the Fourth Circuit Court of Appeals has admonished plaintiffs not to do – they ignored the plain requirements

for effecting service of process – and they did so despite this court's notice of the possible consequences. Under these circumstances, Defendants' actual knowledge of Plaintiffs' suit does not warrant a more liberal application of Rule 4's requirements.

2.

Plaintiffs provide no explanation for their dilatory service, much less an argument for good cause, nor could they do so successfully under the facts present here. Delay in service was within their control; Defendants' counsel offered to accept service on two occasions; Plaintiffs made no effort at service in response to those offers or the Clerk's notice until approximately nine months too late; Plaintiffs are represented by counsel; and they never sought an extension of time under Rule 6(b)(1)(A) within which to serve Defendants[2]. See Scott, 673 F. App'x at 306.

Plaintiffs suggest that any prejudice to Defendants "can be quickly remedied by transferring [their] claims in the present action to the Eastern District of Tennessee action of Thaxton et al. v. Bojangles' Restaurant, Inc., and Bojangles' Inc. (Case No. 17-cv-00269-TRM-CHS)", an FLSA "collective action with similar claims". (Pls.' Resp. in Opp'n at 4.) Such a transfer would "consolidate much of the expected legal fees and expenses that Defendants feel will eventually prejudice

---

[2] Even after Plaintiffs were notified by the Clerk of their failure to serve Defendants timely, they did not move under Rule 6(b)(1)(B) for an extension of time within which to do so.

7

them" and "will also prevent any potential prejudice to Plaintiffs in that their statutes of limitations will remain tolled and their claims will continue to be preserved." (Id.) Although defending against claims in one action as opposed to two would help to alleviate a defendant's litigation expenses, transferring this action to the Eastern District of Tennessee would also relieve Plaintiffs of the consequences of their repeated failures to serve Defendants timely in the instant action, particularly in light of Plaintiffs' counsel's informed decision to "go[] forward" with this case and not pursue their proposed voluntary dismissal in June 2017. In addition, there is nothing before the Court to show that transfer to the Eastern District of Tennessee is otherwise proper.

3.

The Advisory Committee Note to the 1993 Amendments[3] explains that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Accordingly, a court must extend time for service if a plaintiff shows good cause, while a court has discretion to do so even absent a good cause showing. DiPaulo v. Potter, 570 F. Supp. 2d 802, 807 (M.D.N.C. 2008) (discussing the implications of Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995) and Henderson v. United States, 517 U.S. 654 (1996)); Wright & Miller § 1137 (analyzing the various courts' positions on the issue and

---

[3] The 1993 Amendments to Rule 4 included, among other changes, moving the language from Rule 4(j) to Rule 4(m).

8

concluding that, "[a]s of this writing, the overwhelming majority of federal courts and dicta from the Supreme Court embrace the view that a district court has discretion under Rule 4(m) to dismiss a complaint or to allow the plaintiff to cure a defect in service of process even in the absence of good cause").

Assuming arguendo that, despite the absence of good cause, the court could excuse Plaintiffs' untimely service, the court declines to exercise discretion to do so under these circumstances. Plaintiffs argue that dismissing the action will prejudice them because they each "stand[] to lose" a portion of their respective "claims" due to the statute of limitations. (Pl.'s Resp. in Opp'n at 3.) In support of this position, they cite Fields v. Norfolk & Southern Railway Co., 924 F. Supp. 2d 702, 710 (S.D.W. Va. 2012), in which the court applied West Virginia state law in its exercise of discretion where the plaintiff's counsel initiated service immediately after realizing the deadline had passed and effected service seven days after the deadline to do so, and Gallo v. United States, 331 F. Supp. 2d 446, 448 (E.D. Va. 2004), in which the court found that a mother could not represent her minor child pro se, a rule "aimed at protecting the rights of children", but that "[i]t would be a perverse result to rest dismissal of [the minor's] claim on this ground, thereby preventing her from ever litigating her claim, as she is clearly the person the rule means to protect." For obvious reasons, these cases are distinguishable from the instant action. As the Fourth Circuit has recognized, "[t]he 'without prejudice' condition [of dismissal] permits a plaintiff to refile a complaint as if it had never been filed"; Rule 4 "does not, however, give the [plaintiff] a right to refile without

9

the consequences of time defenses, such as the statute of limitations." Mendez, 45 F.3d at 78.

Here, Plaintiffs' counsel first filed a similar action in the Western District of North Carolina before voluntarily dismissing and filing the instant action, knowing all the while the effect of the statute of limitations on Plaintiffs' claims for unpaid overtime wages. It is Plaintiffs' counsel who not only declined offers in March and June 2017 from Defendants' counsel to accept service in this case, but who also failed to respond to the Clerk's notice or heed the consequential warnings. It is not now the Court's responsibility to aid Plaintiffs when they previously rejected such assistance. These circumstances do not warrant the exercise of discretion, in the absence of good cause, to permit Plaintiffs' late service to cure their Rule 4(m) violation.

II.

For the reasons previously explained, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. #23] be GRANTED. A judgment dismissing this action without prejudice is being filed contemporaneously with this Memorandum Opinion and Order.

This the 20th day of September, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge